**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| **William W Yotis, III** | ) | Chapter 13 |
| | ) | Case No. **14-02689** |
| Debtor | ) | Judge Schmetterer |

## NOTICE OF MOTION

TO:  U.S. TRUSTEE                                    Oxford Bank and Trust
     By CM/ECF electronic notice           c/o Adam Rome
                                                              Greiman, Rome & Griesmeyer LLC
     TOM VAUGHN, TRUSTEE              By CM/ECF electronic notice
     By CM/ECF electronic notice

PLEASE TAKE NOTICE that on Wednesday, June 07, 2017 at 9:30AM or as soon thereafter as Counsel may be heard, I shall appear before the Honorable Judge Jack B Schmetterer, or any other Judge sitting instead, in courtroom 682 at the Dirksen Federal Building, 219 S Dearborn, Chicago, Illinois and present the attached Objection to Claim #04 filed by Oxford Bank and Trust.

/s/ Scott J Kofkin
Attorney for Debtor(s)
675 E Irving Park Road, #104
Roselle, Illinois 60172
(630) 539-4600

## CERTIFICATE OF SERVICE

I, Scott Kofkin, an attorney, certifies under penalty of perjury that he has, on the date shown below, filed and caused to be transmitted by the court's electronic filing system, a true copy of this Notice and attached Objection to Claim to all parties listed above and to others included on the court's ECF Service List, on May 02, 2017.

/s/ Scott J Kofkin

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| **Karen C Yotis** | ) | Chapter 13 |
| | ) | Case No. **16-30628** |
| Debtor | ) | Judge Schmetterer |

**DEBTOR'S OBJECTION TO CLAIM #04
OF OXFORD BANK AND TRUST**

Karen C Yotis (the "Debtor") by and through counsel Scott J Kofkin, objects pursuant to 11 USC 502(b)[1] and FRBP[2] 3007(a) to Proof of Claim #04 of Oxford Bank and Trust ("Oxford") and in support thereof respectfully states as follows:

**Factual Background and Procedural History**

A. Current Case.

The Debtor filed her voluntary Chapter 13 petition [Dkt 01] on September 26, 2016, and her original Chapter 13 Plan [Dkt 14] on October 10, 2016. The Section 341(a) Meeting of Creditors was held November 10, 2016. The proposed plan has not been confirmed.

Oxford filed a Motion to Dismiss and Shorten Notice [Dkt 21] alleging lack of good faith, which motion was denied [Dkt 64] by order entered February 17, 2016.

Oxford's Proof of Claim [Claim #04] filed November 14, 2016 asserts that it is owed, as of the petition date, a total of $147,577.27 as the holder of a mortgage on the Debtor's residence, at all relevant times owned jointly with her spouse as tenants by the entirety. The Debtor does not have personal liability for the Oxford claim, having received a discharge in a 2010 Chapter 7.

---

[1] All section references will be to the Bankruptcy Code, 11 USC §§101 et seq, unless otherwise specifically stated
[2] Federal Rules of Bankruptcy Procedure.

Oxford's note and mortgage, dated in December, 1993, are attached as Part 02 to Oxford's Claim #04. A copy of Oxford's Claim #04 and attachments are attached hereto.

B. Prior Chapter 13 by Debtor's Spouse.

Oxford's mortgage on the Debtor's residence was included in a Chapter 13 filed in this Court [14-02689; Dkt 01] by the Debtor's spouse, William W Yotis, III, on or about January 29, 2014. Oxford received payments pursuant to the confirmed plan in William's case until the case was dismissed on August 03, 2016 on a trustee's motion for the spouse's failure to make plan payments. Oxford was represented in William's case by the same attorneys representing them in the current case pending herein.

The Trustee's Final Report and Account in that case [14-02689; Dkt 310] shows that Oxford received a total of $137,056.33 in payments disbursed by the Trustee during the course of William's plan. A copy of that Final Report and Account is attached hereto.

Oxford and William stipulated in William's case that the residence, based on a real estate appraisal commissioned by Oxford, had a fair market value of $400,000 in early 2014. Oxford's claim at the time of William's petition for relief was approximately $201,000.00.

On February 05, 2016, this Court entered a Memorandum Opinion and accompanying Order [14-02689; Dkt 293, 295] disallowing more than $19,600 in Post-Petition Mortgage Fees, Expenses and Charges asserted by Oxford after an objection filed by William and briefs submitted by the parties in that case. Copies are attached hereto.

C. Other Oxford Representations.

In July, 2016 Oxford sent a mortgage statement to the residence showing a past due amount of $50,030.00 as of August 01, 2016 and a remaining balance in the amount of $20,700.61.

2

In addition, Oxford, through their current attorney, provided three(3) payoff letters at William's request dated April 18, 2014, June 01, 2014 and June 24, 2016, the later two each showing the same $20,700.61 mortgage balance remaining at that time plus additional amounts for late charges, interest, and legal fees. Copies of the mortgage statement and payoff letters provided by Oxford are attached hereto.

**Argument**

It is well established that the Debtor is permitted to reorganize a debt not personally owed by her. *Johnson v Home State Bank*, 501 U.S. 78; 111 S. Ct. 2150; 115 L. Ed. 2d 66 (1991). See also *In Re Udell*, 18 F.3d 403 (7th Cir. 1994)("the right to foreclose is a claim").

It is undisputed that the home is worth about $400,000 [stipulated by Oxford in the spouse's case based on an appraisal commissioned by them], that Oxford is the only mortgage against the property, and that Oxford received a total of nearly $140,000 in payments in the two years the spouse's case was pending prior to its dismissal.

Shortly before the filing of this Chapter 13, Oxford repeatedly represented that the principal balance remaining on its mortgage loan was only $20,700.00 and that the payoff balance of its mortgage was less than $110,000.00 in the weeks leading up to the filing of the petition for relief.

The mortgage and note were executed on or about December 21. 1993. The note provided for payments over a 30-year period beginning February 01, 1994 with the final payment due on the 'maturity date' stated to be January 01, 2024. The mortgage is AHEAD OF SCHEDULE, with the remaining principal balance reduced to the amount that would be expected as of May or June of 2022, according to readily-available amortization schedules for loans matching the terms of Oxford's note.

3

The records in this case and in the spouse's 2014 case clearly show that Oxford and its attorneys have pursued a strategy of excessive litigation, citing questionable and poorly researched legal theories, while carefully crafting disingenuous and deliberately false and misleading assertions as a basis for churning grossly excessive billings in blatant disregard for the well-established principles of fee allowance in bankruptcy proceedings.

For example, Oxford has delayed and prolonged this case by standing firm on a vague and unsupported rant that the petition for relief represented only an intent to hinder and delay Oxford, with no intent to repay, despite numerous undisputed facts including the substantial equity in the residence and the two-year history of significant payments received by Oxford resulting in the more-than-80% reduction of principal balance from $117,832.02 [as of the husband's petition date] to $20,700.61.

As this Court observed earlier in this case, there is more anger in Oxford's pleadings than law.

In addition, Oxford knowingly failed to file the supplemental claim forms required for creditors holding claims secured by residential mortgage despite having done so with the same legal representation in the spouse's 2014 case.

In the course of the two cases, Oxford has attempted to add more than $100,000 in legal fees opposing the debtors' attempts to complete the payment of the home they have lived in since 1983. Oxford's opposition improperly attempts to compound the Debtor's burden in order to unfairly milk the case for tens of thousands of dollars in fabricated fees.

## Conclusion

Oxford's Proof of Claim asserting the amount due on it's mortgage as of the petition filing date of September 26, 2016 is unjustifiably inflated above the amounts represented by

Oxford to be due on multiple occasions within the previous two calendar months. In particular, without providing the detailed information required to accompany its Proof of Claim, and in contradiction to its own repeated representations, Oxford increased the amount of asserted legal fees from $39,339.41 on June 24, 2016 to $76,222.61 on September 26, 2016.

WHEREFORE, the Debtor prays for an Order disallowing Oxford's claim to the extent determined by this Court to be reasonable and justified in accordance with applicable authority, and granting such other and further relief as this Court deems proper.

>                      Respectfully submitted,
>                      **Karen C Yotis**
>                      BY:    /s/ Scott J Kofkin
>                             Attorney for the Debtor

Scott J Kofkin
675 E. Irving Park Road, Ste 104
Roselle, Illinois  60172
630-539-4600